6720

*EX PARTE* HUTTO.

EXECUTION AGAINST THE PERSON—HABEAS CORPUS—BAIL.—The order of Circuit Court granting leave to issue execution against the person of a defendant under secs. 200 and 304 of Code of Procedure upon failure to pay a judgment against him for damages for fraudulently obtaining the assignment to himself of a lease and fraudulently taking, detaining and disposing of crops is not void, but prisoner granted bail pending appeal from said order.

Petition in the original jurisdiction of this Court by Paul E. Hutto for writ of *habeas corpus.*

*Messrs. Graham & Sturkie,* for petitioner.

*Messrs. DePass & DePass,* contra.

December 11, 1907. PER CURIAM. Under *habeas corpus* proceedings instituted in this Court, the petitioner seeks to be discharged from custody in the jail of Lexington County. The return of the sheriff shows that the petitioner is in custody pursuant to a writ issued November 5, 1907, under a decree of Judge Charles G. Dantzler, filed October 1, 1907, in the case of *A. W. Martin* v. *Paul E. Hutto,* wherein it was adjudged that plaintiff recover of defendant the sum of $768.14 and costs, and further, that plaintiff "have leave forthwith to issue execution against the person of the defendant (petitioner herein) in accordance with sections 200 and 304 of the Code of Civil Procedure of 1902, for the arrest of the defendant for fraudulently obtaining and procuring the assignment to himself of one lease and demise of the Blackville Road Plantation for the purpose of depriving plaintiff of the use thereof and benefits thereunder, for fraudulently taking, detaining, or disposing of plaintiff's one-half of all crops raised upon Blackville Road Plantation in the year 1904; and that said defendant be forthwith imprisoned in the county jail of Lexington

County by the sheriff of Lexington County until said judgment of seven hundred sixty-eight and fourteen one hundredth dollars and costs are paid, or until he be otherwise discharged in accordance with the provisions of law in such cases made and provided."

The petitioner prays to be discharged on the ground that the judgment and writ under which he is in custody are absolutely void.

The Court is of the opinion that the judgment and writ thereunder are not void and therefore must decline to grant an absolute discharge to petitioner.

That failing it is asked that petitioner be admitted to bail pending his appeal in the said cause.

The decree was filed out of term time, on October 1, 1907, and written notice of this filing was the same day deposited in the postoffice at Columbia, S. C., postage prepaid, addressed to Paul E. Hutto, at his place of residence, Swansea, S. C., and to W. H. Sharpe, Esq., his attorney, at his place of residence at Edmunds, S. C. The petitioner and his attorney, however, each states positively under oath that he received no notice of the filing of said decree, and the petitioner declares that the first notice that he had of the filing of the decree was when he was arrested thereunder. Within ten days thereafter notice of intention to appeal from the decree of Judge Dantzler was served.

Being assured that the notice of appeal was given in good faith, we are not disposed in these proceedings to declare that that appeal was not taken in time, and will leave that issue to be finally determined in some motion in said cause.

The Court is of the opinion that petitioner should be admitted to bail pending the determination of said appeal.

It is therefore ordered and adjudged, That the petitioner be admitted to bail pending said alleged appeal, under bond in the full sum of one thousand dollars, with surety, to be approved by the clerk of the Court of Lexington County, conditioned that he will surrender himself to the custody of the sheriff of Lexington County and restore the status as

36—78

held under the decree of Judge Dantzler, should his said alleged appeal be abandoned or dismissed or the decree of Judge Dantzler be affirmed, and generally to abide the judgment of this Court.